UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

DUSOBOX CORPORATION,

        CASE NO.:

    Plaintiff,

vs.

ACORSYS, S.L.; OVERSYS
OPTIMIZATION UNIVERSAL
SYSTEMS, S.L.; GEODIS FF UNITED
KINGDOM LTD; GEODIS USA, LLC,
and CARGO CONTAINER LINE LTD.,

    Defendants.
_____/

## COMPLAINT

Plaintiff, DUSOBOX CORPORATION ("Dusobox"), by and through its undersigned counsel, sues Defendants, ACORSYS, S.L. ("Acorsys"), OVERSYS OPTIMIZATION UNIVERSAL SYSTEMS, S.L. ("Oversys"), GEODIS FF UNITED KINGDOM LTD ("Geodis UK"), GEODIS USA, LLC ("Geodis USA"); and CARGO CONTAINER LINE LTD. ("Cargo Container") and states:

### PARTIES, JURISDICTION, AND VENUE

1. This is a civil action for damages in excess of $75,000.00 exclusive of attorneys' fees, costs, and interest. This Court has original jurisdiction pursuant to 28 U.S.C § 1332 as this is an action where the parties are completely diverse, and

1

this action is between a citizen of Florida and citizens of foreign states. Additionally, this Court has jurisdiction pursuant to 28 U.S.C § 1333 because this case arises out of the laws and treaties of the United States of America.

2. This Court also has original jurisdiction pursuant to 46 U.S.C. App. § 30101 because this a civil case of admiralty or maritime jurisdiction which concerns damage to property caused by a vessel on navigable waters.

3. Dusobox is a Florida for profit corporation with its principal place of business located in Orlando, Florida.

4. Acorsys is a limited liability company formed under the laws of the Kingdom of Spain, with its principal place of business located at 20018, San Sebastián, Gipuzkoa, Spain.

5. Oversys is a limited liability company formed under the laws of the Kingdom of Spain, with its principal place of business located at Camino Pokopandegi 11, Planta 3 Oficina 302, 20018 Donostia, San Sebastián, Gipuzkoa, Spain.

6. Geodis UK is a limited company formed under the laws of the United Kingdom, with its principal place of business located at Lhr1 145 Faggs Road, Feltham, Middlesex, TW14 0LZ, United Kingdom.

7. Geodis USA is a California limited liability company with its principal place of business in California, which at all material times was authorized to and conducted business in the State of Florida

8. Cargo Container is a limited company formed under the laws of the People's Republic of China, with its principal place of business located at 15th Floor Park Commercial Center 56, Dundas Street, Mong Kok, Kowloon, Hong Kong.

9. Venue is proper in this district pursuant to 28 § U.S.C. 1391 because the events or omissions giving rise to Dusobox's claims occurred in Broward County, Florida. *Inter alia*, the damaged goods which are the basis for this suit were to be transported via a commercial shipping vessel from the port located at Ellesmere Port, England, United Kingdom to Port Everglades located in Fort Lauderdale, Florida without damage.

10. Dusobox has satisfied all conditions precedent to maintaining this action or, in the alternative, the same have been waived or otherwise excused.

## FACTUAL ALLEGATIONS

11. Dusobox is a leading designer, engineer, and manufacturer of custom corrugated display solutions and product packaging.

12. Dusobox and Acorsys entered into that certain Service Supply Contract (the "Supply Contract"). A true and correct copy of the Contract is attached hereto as **Exhibit A.**

13. Pursuant to the Supply Contract, Acorsys was responsible for the dismantling and loading for transport of a Bobst SPO 160s Flat Bed Die Cutter with Prefeeder and Bundle Breaker – U60210222 (the "Equipment") in Ellsemere Port, England, United Kingdom, for shipping the Equipment to the United States, and for transportation to Orlando, Florida.

14. Dusobox has paid all amounts which it was obligated to pay Acorsys under the terms of the Supply Contract for the Equipment, including without limitation, the dismantling and transportation of the Equipment.

15. Dusobox intended to use the Equipment in connection with its business. Specifically, the Equipment was to be used in connection with manufacturing custom corrugated display solutions and product packaging.

16. The Supply Contract provides under Section 2 – Services to be performed, that Acorsys is responsible for:

    a. dismantling and loading the Equipment in the UK prior to shipping;

    b. check of functions before dismantling;

    c. marking and dismantling all modules and parts for transportation purposes;

    d. moving of the parts to the loading place;

    e. preparation of packages when necessary for transport overseas;

  f. loading of packages on transport vehicles, according to the loading plan; and

  g. to take all the necessary actions in order to avoid any possible damage in the equipment during the transportation.

17. The Equipment was disassembled in Ellsemere Port between October 15, 2022 and October 25, 2022 by Acorsys.

18. Upon information and belief, Acorsys contracted with Oversys to transport the Equipment to port in the United Kingdom.

19. Upon information and belief, Oversys contracted with Geodis UK to transport the Equipment to port in the United Kingdom. Upon information and belief Oversys contracted with Geodis USA to bring the Equipment from Port Everglades, Fort Lauderdale, after the Equipment arrived there, to Dusobox in Orlando, Florida.

20. The disassembled Equipment was placed into three separate commercial shipping containers by Acorsys. Upon information and belief, these shipping containers were then brought to port in Southampton, England, United Kingdom by Oversys and/or Geodis UK.

21. The disassembled Equipment was loaded onto the NYK Deneb, vessel IMO number 9337676 (the "Vessel"), a large cargo container vessel owned and/or operated by Cargo Container at port in Southampton. The disassembled equipment was then shipped to Port Everglades, Florida via the Vessel.

22. Upon information and belief, the Vessel did not directly travel to Port Everglades, Florida from Port Ellesmere, England, but was directed to another port or ports prior to arriving in Port Everglades, Florida.

23. Pursuant to the Bill of Lading for combined transport and port to port shipment (the "Bill of Lading"), the carrier for the disassembled Equipment was Cargo Container, the shipper was Oversys, and the forwarding agent was Geodis UK. A copy of the Bill of Lading is attached hereto as **Exhibit B.**

24. The disassembled Equipment was transported from Port Everglades, Florida to Orlando, Florida by Geodis USA.

25. Between December 13 and 16, 2022, Dusobox received the three shipping containers containing the disassembled Equipment. Unfortunately, it was evident that the Equipment had been damaged in the process of transporting the Equipment to Dusobox. Photographs showing the visible damage to the Equipment when it was received by Dusobox is attached as **Exhibit C.**

26. The Equipment showed rust and other signs of water damage, and signs of other direct, physical, and sudden and accidental damage and loss.

27. The tarps which were placed over the top of the shipping containers had been torn, and it was evident that this had allowed water to intrude into the shipping containers and damage the Equipment.

28. Dusobox immediately notified Acorsys of these issues.

6

29. Further, as the disassembled Equipment was removed from the shipping containers, more damage became evident. Dusobox observed:

   a. significant rust;

   b. the motor housing the lubrication system which was part of the Equipment was broken and had been tied in place with paracord;

   c. water was running out of the broken housing for the motor;

   d. standing water and water droplets were observed in the interior of the Equipment; and

   e. approximately thirty (30) gallons of water had to be pumped out of the interior of the main gear box.

30. Due to the significant water, rust, and element exposure damage to the Equipment, the Equipment was non-operable and could not be reassembled and used for the purpose which Dusobox purchased it without repair.

31. Dusobox estimates that it will take One Million Four Hundred Sixty-Four Thousand Nine Hundred Seven and 52/100 Dollars ($1,464,907.52) in order to repair the Equipment and to make the Equipment operate for Dusobox's business needs.

## COUNT I – BREACH OF CONTRACT
### (Acorsys)

32. Dusobox realleges the allegations set forth in paragraphs one (1) through thirty-one (31) as if fully set forth herein.

ORLDOCS 21066130 1 32840.0012

33. There exists between Dusobox and Acorsys a valid contract, the Supply Contract.

34. Acorsys has materially breached the Supply Contract by failing to take the proper measures to prevent damage to the Equipment during its transportation to Orlando, Florida and/or by causing damage to the Equipment.

35. As a direct and proximate result of Acorsys' material breach, Dusobox has been damaged.

WHEREFORE, Plaintiff, DUSOBOX CORPORATION, respectfully requests the Court enter a Final Judgment in its favor and against Defendant, ACORSYS, S.L. for: (a) damages; (b) prejudgment interest; (c) post-judgment interest; and (d) for such other and further relief as the Court deems just and proper.

## COUNT II – UNJUST ENRICHMENT
### (Acorsys)

36. Dusobox realleges the allegations set forth in paragraphs one (1) through thirty-one (31) as if fully set forth herein.

37. This is an action for unjust enrichment, and is made in the alternative to Dusobox's breach of contract count against Acorsys in Count I.

38. Dusobox has conferred a benefit upon Acorsys in the form of the funds which Dusobox paid Acorsys for the Equipment, including without limitation the dismantling and transportation of the Equipment to Dusobox.

39. Acorsys has actual or constructive knowledge of the benefit conferred by Dusobox and has accepted and appreciated the benefit conferred by Dusobox.

40. It would be inequitable for Acrosys to retain the benefit of the funds which Dusobox paid for the Equipment, because Acorsys failed to provide the Equipment in an undamaged, working condition to Dusobox.

41. As a direct and proximate result of Acrosys' failure to provide the Equipment to Dusobox in an undamaged, working condition, Dusobox has been damaged.

WHEREFORE, Plaintiff, DUSOBOX CORPORATION, respectfully requests the Court enter a Final Judgment in its favor and against Defendant, ACORSYS, S.L. for: (a) damages; (b) prejudgment interest; (c) post-judgment interest; and (d) for such other and further relief as the Court deems just and proper.

## COUNT III – NEGLIGENCE
### (Oversys)

42. Dusobox realleges the allegations set forth in paragraphs one (1) through thirty-one (31) as if fully set forth herein.

43. Oversys had the duty to Dusobox to use reasonable care in the transportation of the Equipment.

44. Oversys breached its duty by causing and/or failing to prevent damage to the Equipment during its transportation to Orlando, Florida.

45. As a direct and proximate result of Oversys' breach of duty, Dusobox has been damaged.

WHEREFORE, Plaintiff, DUSOBOX CORPORATION, respectfully requests the Court enter a Final Judgment in its favor and against Defendant, OVERSYS OPTIMIZATION UNIVERSAL SYSTEMS, S.L. for: (a) damages; (b) prejudgment interest; (c) post-judgment interest; and (d) for such other and further relief as the Court deems just and proper.

## COUNT IV – UNJUST ENRICHMENT
### (Oversys)

46. Dusobox realleges the allegations set forth in paragraphs one (1) through thirty-one (31) as if fully set forth herein.

47. Dusobox has conferred a benefit upon Oversys in the form of the funds which Dusobox paid Acorsys for the Equipment, including without limitation the dismantling and transportation of the Equipment to Dusobox.

48. Acorsys contracted with Oversys and necessarily benefited from the funds which Dusobox paid Acorsys. Also, the transportation contract only existed because Dusobox contracted with Acorsys to receive the Equipment.

49. Oversys has actual or constructive knowledge of the benefit conferred by Dusobox and has accepted and appreciated the benefit conferred by Dusobox.

50. It would be inequitable for Oversys to retain the benefit of the funds which Dusobox paid for the Equipment, because Oversys failed to provide the Equipment in an undamaged, working condition to Dusobox.

51. As a direct and proximate result of Oversys' failure to provide the Equipment to Dusobox in an undamaged, working condition, Dusobox has been damaged.

WHEREFORE, Plaintiff, DUSOBOX CORPORATION, respectfully requests the Court enter a Final Judgment in its favor and against Defendant, OVERSYS OPTIMIZATION UNIVERSAL SYSTEMS, S.L. for: (a) damages; (b) prejudgment interest; (c) post-judgment interest; and (d) for such other and further relief as the Court deems just and proper.

### COUNT V – NEGLIGENCE
### (Geodis UK)

52. Dusobox realleges the allegations set forth in paragraphs one (1) through thirty-one (31) as if fully set forth herein.

53. Geodis UK had the duty to Dusobox to use reasonable care in the transportation of the Equipment.

54. Geodis UK breached its duty by causing and/or failing to prevent damage to the Equipment during its transportation to Orlando, Florida.

55. As a direct and proximate result of Geodis UK's breach of duty, Dusobox has been damaged.

WHEREFORE, Plaintiff, DUSOBOX CORPORATION, respectfully requests the Court enter a Final Judgment in its favor and against Defendant, GEODIS FF UNITED KINGDOM LTD for: (a) damages; (b) prejudgment interest; (c) post-judgment interest; and (d) for such other and further relief as the Court deems just and proper.

## COUNT VI – UNJUST ENRICHMENT
### (Geodis UK)

56. Dusobox realleges the allegations set forth in paragraphs one (1) through thirty-one (31) as if fully set forth herein.

57. Dusobox has conferred a benefit upon Geodis UK in the form of the funds which Dusobox paid Acorsys for the Equipment, including without limitation the dismantling and transportation of the Equipment to Dusobox.

58. Acorsys contracted with Oversys, which contracted with Geodis UK, and therefore Geodis UK necessarily benefited from the funds which Dusobox paid Acorsys which were then paid to Oversys. Also, the transportation contract between Geodis UK and Oversys only existed because Dusobox contracted with Acorsys to receive the Equipment.

59. Geodis UK has actual or constructive knowledge of the benefit conferred by Dusobox and has accepted and appreciated the benefit conferred by Dusobox.

60. It would be inequitable for Geodis UK to retain the benefit of the funds which Dusobox paid for the Equipment, because Geodis UK failed to provide the Equipment in an undamaged, working condition to Dusobox.

61. As a direct and proximate result of Geodis UK's failure to provide the Equipment to Dusobox in an undamaged, working condition, Dusobox has been damaged.

WHEREFORE, Plaintiff, DUSOBOX CORPORATION, respectfully requests the Court enter a Final Judgment in its favor and against Defendant, GEODIS FF UNITED KINGDOM LTD for: (a) damages; (b) prejudgment interest; (c) post-judgment interest; and (d) for such other and further relief as the Court deems just and proper.

## COUNT VII – NEGLIGENCE
### (Geodis USA)

62. Geodis realleges the allegations set forth in paragraphs one (1) through thirty-one (31) as if fully set forth herein.

63. Geodis USA had the duty to Dusobox to use reasonable care in the transportation of the Equipment.

64. Geodis USA breached its duty by causing and/or failing to prevent damage to the Equipment during its transportation to Orlando, Florida.

65. As a direct and proximate result of Geodis USA's breach of duty, Dusobox has been damaged.

WHEREFORE, Plaintiff, DUSOBOX CORPORATION, respectfully requests the Court enter a Final Judgment in its favor and against Defendant, GEODIS USA, LLC for: (a) damages; (b) prejudgment interest; (c) post-judgment interest; and (d) for such other and further relief as the Court deems just and proper.

### COUNT VIII – UNJUST ENRICHMENT
### (Geodis USA)

66. Dusobox realleges the allegations set forth in paragraphs one (1) through thirty-one (31) as if fully set forth herein.

67. Dusobox has conferred a benefit upon Geodis USA in the form of the funds which Dusobox paid Acorsys for the Equipment, including without limitation the dismantling and transportation of the Equipment to Dusobox.

68. Acorsys contracted with Oversys, which contracted with Geodis USA, and therefore Geodis USA necessarily benefited from the funds which Dusobox paid Acorsys which were then paid to Oversys. Also, the transportation contract between Geodis USA and Oversys only existed because Dusobox contracted with Acorsys to receive the Equipment.

69. Geodis USA has actual or constructive knowledge of the benefit conferred by Dusobox and has accepted and appreciated the benefit conferred by Dusobox.

70. It would be inequitable for Geodis USA to retain the benefit of the funds which Dusobox paid for the Equipment, because Geodis USA failed to provide the Equipment in an undamaged, working condition to Dusobox.

71. As a direct and proximate result of Geodis USA's failure to provide the Equipment to Dusobox in an undamaged, working condition, Dusobox has been damaged.

WHEREFORE, Plaintiff, DUSOBOX CORPORATION, respectfully requests the Court enter a Final Judgment in its favor and against Defendant, GEODIS USA, LLC for: (a) damages; (b) prejudgment interest; (c) post-judgment interest; and (d) for such other and further relief as the Court deems just and proper.

## COUNT IX – NEGLIGENCE
### (Cargo Container)

72. Dusobox realleges the allegations set forth in paragraphs one (1) through thirty-one (31) as if fully set forth herein.

73. Cargo Container had the duty to Dusobox to use reasonable care in the transportation of the Equipment.

74. Cargo Container breached its duty by causing and/or failing to prevent damage to the Equipment during its transportation to Orlando, Florida.

75. As a direct and proximate result of Cargo Container's breach of duty, Dusobox has been damaged.

WHEREFORE, Plaintiff, DUSOBOX CORPORATION, respectfully requests the Court enter a Final Judgment in its favor and against Defendant, CARGO CONTAINER LINE LTD for: (a) damages; (b) prejudgment interest; (c) post-judgment interest; and (d) for such other and further relief as the Court deems just and proper.

### COUNT X – Violation of the Carriage of Goods by Sea Act ("COGSA") (Cargo Container)

76. Dusobox realleges the allegations set forth in paragraphs one (1) through thirty-one (31) as if fully set forth herein.

77. This is an action for violation(s) of COGSA by Cargo Container, and is brought in the alternative to Dusobox's negligence action in Count IX.

78. By its terms, COGSA governs bills of lading for the carriage of goods from the time when the goods are loaded on to the time when they are discharged from the ship. *See* 46 U.S.C. § 1301(e).

79. Pursuant to COGSA, Cargo Container was required to "properly and carefully load, handle, stow, carry, keep, care for, and discharge the goods carried." 46 U.S.C. § 1303.

80. Cargo Container failed to properly and carefully load, handle, stow, carry, keep, care for, and discharge the goods carried which caused damage to the Equipment.

81. As a direct and proximate result of Cargo Container's failure to properly and carefully load, handle, stow, carry, keep, care for, and discharge the goods carried, Dusobox has been damaged.

WHEREFORE, Plaintiff, DUSOBOX CORPORATION, respectfully requests the Court enter a Final Judgment in its favor and against Defendant, CARGO CONTAINER LINE LTD for: (a) damages; (b) prejudgment interest; (c) post-judgment interest; and (d) for such other and further relief as the Court deems just and proper.

Dated December 11, 2023.

    /s/ Brett R. Renton
**BRETT R. RENTON, ESQ.**
Florida Bar No. 0041994
brenton@shutts.com
tmartin@shutts.com
**JEFFREY S. ELKINS, ESQ.**
Florida Bar No. 0043775
jelkins@shutts.com
egutierrez@shutts.com
**MICHAEL A. TESSITORE II, ESQ.**
Florida Bar No. 1018986
mtessitore@shutts.com
kdetcher@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 423-3200
Facsimile: (407) 425-8316
*Attorneys for Plaintiff*

ORLDOCS 21066130 1 32840.0012